## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIANA MONSERRAT ARTEAGA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:20-cv-041 |
| ANTONY BLINKEN, U.S. Secretary of State, | § § § | |
| Defendant. | § | |

### STIPULATED PROTECTIVE ORDER

*Today this Court considered the parties "Agreed Motion For Entry of a Stipulated Protective Order." Having considered the motion, this Court finds it should be, and is, GRANTED.*

*THEREFORE IT IS ORDERED that the following Stipulated terms re adopted and approved by this Court as follows:*

During the pendency of discovery, the Parties anticipate the production of documents (including video and/or photographs) containing identifying information relating to third parties not participating in this lawsuit. This identifying information is contained within various agency records and databases, some of which are in the possession, custody, and control of Defendant and Defendant's counsel. Defendant agrees to produce to Plaintiffs' unredacted records relating to Plaintiffs, and (where appropriate and allowable by law) third-parties, subject to entry of the following protective order, in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a, to which the Parties have stipulated.

WHEREFORE, at the request of counsel for Plaintiff's and counsel for Defendant ("the Parties"),

IT IS HEREBY ORDERED that in accordance with the terms of this Privacy Act Protective Order, pursuant to 5 U.S.C. § 552a(b)(11), Defendant is authorized to release to counsel for Plaintiffs, and the Court in this case, discovery containing unredacted identifying information of third-parties, without obtaining prior written consent of third parties whose names, addresses, birth dates, and other identifying information may be present in such documents. Such disclosure is subject to the following conditions:

1. The Parties agree that the terms of this Protective Order will govern the entirety of any file, including but not limited to alien registration file, any law enforcement report, or any other discovery that contains Privacy Act material, as well as any copies or summaries made thereof and any information derived therefrom, including any materials that have been previously produced in discovery or will be produced through any further discovery taken in this case.

2. To the extent that any documents or records to be provided by the federal government contain third-party names, addresses, birth dates, or any other identifying information (*i.e.*, information the use of which would allow the identification of the person to whom the information relates), such identifying information shall be deemed confidential (in the ordinary sense) and protected by this Protective Order. All such Privacy Act information is subject to this Protective Order and may be used solely for purposes of this litigation.

3. Counsel for Defendant shall designate documents containing confidential information as confidential by placing the word "COVERED BY PROTECTIVE ORDER" or the following label (or a substantial equivalent) on them or on any copies thereof, or any cover sheets thereon:

PROTECTED

THIS DOCUMENT IS SUBJECT TO A COURT ORDER IN MARIANA MONSERRAT ARTEAGA. *vs. ANTONY BLINKEN, ETC.* (1:20-cv-041). THIS DOCUMENT/VIDEO/DIGITAL RECORD AND ITS CONTENTS SHALL NOT BE USED, SHOWN OR DISTRIBUTED EXCEPT AS PROVIDED IN THE PROTECTIVE ORDER.

4. Protected information may be disclosed only to the following persons and only to the extent necessary for the prosecution of this action:

    A. Counsel for Plaintiff, Plaintiff, counsel for Defendant, Defendant and/or its agents, and any support staff of such counsel assisting in this action;

    B. The Court and its personnel;

    C. Court reporters, translators, and other litigation support personnel

    D. Individuals whose testimony is contemplated or actually taken in this action, but only to the extent necessary to elicit testimony concerning the subject matter of information or records produced subject to this Protective Order;

        E.        Expert witnesses or consultants retained by Plaintiff or Defendant;

        F.        The author of the document or the original source of the information; and

        G.        Any Court of Appeals and its personnel, in the event of an appeal.

5.      <u>Redactions permitted.</u> Nothing, however, in this Stipulated Protective Order shall be deemed to preclude the parties from redacting from documents subject to this Order, where applicable, information protected by (a) attorney-work product, trial preparation material, or the attorney-client privilege; (b) deliberative process privilege; (c) the governmental privilege against disclosure of information which could threaten the lives and safety of governmental personnel and their families, interfere with open investigations or prosecutions, or reveal confidential law enforcement techniques or confidential sources; or (d) any other applicable privilege. Nothing in this Stipulated Protective Order shall be deemed to preclude the parties from redacting from documents subject to this Order, where applicable, information relating to law enforcement deliberations and information about individuals not a party to this litigation and that are unrelated to the issues in this litigation.

6.      Upon the signing of this Order by the Court, redactions made by counsel, if any, to the documents marked "COVERED BY PROTECTIVE ORDER" will not be made for the purpose of protecting the privacy of third parties who may be identified in the discovered material. Plaintiff reserves the right to file a motion to compel for any redacted information.

7.      All persons listed in Paragraph 4(A) above to whom identifying information is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those listed in 4(B)-(G) above, any confidential information, except as provided in this Protective Order.

8.      All persons listed in Paragraphs 4(D) and (E) above, to whom identifying information is disclosed, shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment of Protective Order form, attached hereto as Exhibit A, agreeing to be bound thereby. The signed Acknowledgment forms shall be maintained by counsel for the Plaintiff or counsel for the Defendant.

9.      Any filings with the Court which contain materials subject to this Order shall be done under seal, unless a release is obtained from the third-party individual to whom the materials pertain, authorizing the disclosure of such information.

10. To the extent that third-party identifying information is discussed in the course of a deposition, such confidential information must be designated as such by so indicating on the record at the deposition, and the relevant portions of the deposition transcript shall be placed under seal, unless a release is obtained from the individual to whom the identifying information pertains, authorizing the disclosure of such information.

11. No protected documents or information shall be used at any hearing, trial or appellate proceeding in this action, unless provision shall be made for exclusion of the public or unless some other reasonable provision to protect confidentiality has been made. Where protected documents or information is used at a hearing, trial or appellate proceeding in this action, the appropriate portion of the court transcript shall be placed under seal. Such designation shall be limited to those portions of the transcript the sealing of which is reasonably necessary to preserve the confidentiality of documents, as well as copies or summaries made thereof and any information derived therefrom, which are subject to the terms of this Protective Order.

12. Due to the highly sensitive nature of information regarding third-parties that may be produced by Defendant, such protected documents or information shall not be used to contact or attempt to contact third-parties named in the redacted documents for any purpose, absent the express authorization of the undersigned counsel.

13. Inadvertent disclosure of any document or other information during discovery in this action shall be without prejudice to any claims that such material is confidential, privileged, or otherwise protected from discovery within the meaning of Federal Rule of Civil Procedure 26, and no party to this Protective Order shall be held to have waived any rights by such inadvertent disclosure. Any document or information so produced and subject to a subsequent claim of privilege, work product or other protection, including protection under this Protective Order, shall be returned immediately to the appropriate party, and such document or information shall not be introduced into evidence in this or any other proceeding by any person without either (i) the consent of said party, or (ii) Order of the Court; nor will such document or information be subject to production (other than in camera) in any proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

14. Within thirty (30) days of the final conclusion of this litigation, including any appeals, counsel for Plaintiff shall collect all documents produced pursuant to this Protective Order

that contain third-party identifying information, as well as any copies thereof, or any information and notes derived therefrom, and shall return such documents to counsel for Defendant pursuant to the terms of this Protective Order. Alternatively, counsel for Plaintiff shall destroy said documents by shredding them and provide counsel for Defendant with verification of destruction within thirty (30) days of the final conclusion of this litigation, including any appeals.

15. Agreement to this Protective Order does not waive any rights of any party to assert a claim of privilege as to these or similar documents.

16. Nothing in this agreement shall be deemed to restrict in any manner the use by any party of its own documents or materials.

17. Nothing in this agreement shall affect the right of any party to seek additional protection against the disclosure of documents or materials.

18. Any party may apply to this Court at any time, upon proper notice, for a modification of this Protective Order with respect to the handling or designation of any document or for any other purpose.

19. This Order shall be binding upon any present and future party to the MARIANA MONSERRAT ARTEAGA *vs. ANTONY BLINKEN, ETC.,* (1:20-cv-041) litigation.

20. This Order shall be effective and enforceable upon its signature by counsel and by the Court.

Signed this 22nd day of April, 2021.

_____
ROLANDO OLVERA
U.S. DISTRICT JUDGE

APPROVED:

/s/ *Nancy L. Masso*
Nancy L. Masso, AUSA
Attorney for Defendants

/s/ *Jaime Diez, (with permission by NLM)*
Jaime Diez, Attorney at Law
Attorney for Plaintiffs